**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RAMA SOU, *et al.*,

        Plaintiffs,

vs.

MICHAEL BASH, *et al.*,

        Defendants.

Case No. 2:15–cv–698–APG–VCF

**ORDER**

MOTION TO STAY DISCOVERY (#57)

      This matter involves Rama Sou, Tai Bui, and Scott Zimmerman's ("Plaintiffs") fraud action against Michael Bash, Jeremy Bash, and two limited liability companies ("Defendants"). *See* (First Am. Compl. #14). Before the court is Defendants' Motion to Stay Discovery (#57). Plaintiffs filed an opposition (#59) and Defendants replied (#60). For the reasons stated below, Defendants' motion is denied.

**I. Legal Standard**

      When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

      Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion

1

is pending. *See, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Obtaining a protective order is a challenging task. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp*., 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

In the context of a motion to stay discovery pending a dispositive motion, Rule 26(c) requires the movant to (1) show that the dispositive motion raises no factual issues, *see Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), and (2) "convince" the court that the dispositive motion will be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982) (citing *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion (1) is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011). The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. *Id*. "Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery

with the goal of accomplishing the objectives of Rule 1." *Id*. Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982).

## II. Analysis

Defendants' Motion to Stay (#57) is denied. As discussed above, a motion to stay discovery is not a vehicle to prejudge the outcome of a motion to dismiss. *TradeBay*, 278 F.R.D. at 603. The purpose is to protect a party from the expense of engaging in discovery where fundamental issues, like jurisdiction, venue, or immunity, exist. *Id*. Additionally, even if one of these fundamental issues exist, a motion to stay will only be granted if the court is "convinced" that the pending dispositive motion will be granted. *Id*.

That is not the case here. Plaintiffs' complaint asserts four fact-specific causes of action: (1) intentional misrepresentation; (2) false promise; (3) negligent misrepresentation; and (4) rescission. *See generally* (Doc. #14). In requesting a stay, Defendants contend that the court should be "convinced" that the underlying motion will be granted by, *inter alia*, taking judicial notice of the underlying contractual documents. *See* (Doc. #57 at 7).

This would be inappropriate. It requires the court to interpret the underlying contract that is in dispute and prejudge the outcome of the motion to dismiss. In adjudicating a motion to stay, the court's role is determine whether the underlying motion *may* require discovery. *See, e.g.*, *Ministerio*, 288 F.R.D. at 506. Only then should the court take a preliminary peek at the merits of the motion. *Id*.

That is not the case here. Defendants contend that the action may be adjudicated by judicially noticing the contract and reaching a conclusion that is consistent with the contract's terms. *See* (Doc. #57 at 7). In opposition, the Plaintiffs contend that the parol evidence rule is inapplicable and oral terms should be incorporated into the contract's meaning. *See* (Doc. #59 at 5). This raises a potential factual issue that may require discovery. Even if Defendants' motion to dismiss is granted, the district judge may grant

3

Plaintiffs' leave to file an amended complaint, which should be "freely" granted "when justice so requires." FED. R. CIV. P. 15(a)(2). In that case, if the court were to grant a stay of discovery now, it would not further Rule 1's mandate.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay Discovery (#57) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE