**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| RAMA SOU; TAI BUI; and SCOTT ZIMMERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL BASH; JEREMY BASH; BERKLEY ENTERPRISES, INC.; PEPPERDINE ENTERPRISES, INC.; NINETY-FIVE FORT APACHE COMPLEX, LLC; and ROYAL VIEW, LLC, <br><br> Defendants. | Case No. 2:15-cv-00698-APG-VCF <br><br><br> **ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT** <br><br> (ECF Nos. 103, 105) |

In 2010, defendants Michael and Jeremy Bash pitched plaintiffs Rama Sou, Tai Bui, and Scott Zimmerman, on investing in two companies that owned property in Las Vegas: Ninety-Five Fort Apache Complex, LLC (Fort Apache) and Royal View, LLC (Royal View). The defendants allegedly told the plaintiffs of their intent to develop the properties on a certain timetable. All three plaintiffs invested in Fort Apache, and Sou and Bui invested in Royal View, for a total of $300,000. The properties remain undeveloped.

In this lawsuit, the plaintiffs allege fraudulent inducement, false promise, and negligent misrepresentation. They move for summary judgment as to Jeremy Bash, arguing he made specific representations about construction plans (pursuant to which they made their investments) that were false because the properties remain undeveloped. The defendants respond that Bash's representations were not false, as the defendants intended (and still intend) to develop the properties but have been stymied by politics and a bad economy. Further, the defendants contend that optimistic statements by Bash about the properties are not actionable. Bash moves for summary judgment on the claims against him on these same grounds.

The parties are familiar with the facts of this case so I will not repeat them here except where necessary. I deny the plaintiffs' motion for summary judgment. There are genuine

disputes whether Bash's statements about the properties were false or negligently made. I also deny Bash's motion for summary judgment as untimely. Even if I considered it, disputed facts would lead me to deny the motion.

**I.     ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and draw reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenck, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**a.  Fraudulent inducement**

Under Nevada law, the plaintiff must prove the following to sustain a claim of fraudulent inducement:

> (1) A false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation.

*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). "Fraud is never presumed; it must be clearly and satisfactorily proven." *Havas v. Alger*, 461 P.2d 857, 860 (Nev. 1969).

The plaintiffs argue that Bash represented to them in 2010 that the defendants were seeking final investments on the Fort Apache property and that a retail plaza would be

constructed within eighteen months. The plaintiffs also argue that the defendants represented that the Royal View property would be developed as a commercial property with construction commencing "immediately." ECF No. 103 at 8. Yet both properties remain undeveloped. According to the plaintiffs, these facts show that Bash's representations in 2010 must have been false and that Bash intended to deceitfully induce them into investing in companies he knew would not develop the properties.

Bash contends that any statements by him were mere puffery, which is not actionable as a misrepresentation. He also argues that at the time he was pitching the property to the plaintiffs, the defendants intended to develop and rezone the properties, so this representation was accurate at the time it was made. Bash contends that economic and political difficulties resulted in the defendants' inability to develop the properties on their intended timetable.

The plaintiffs have not met their burden of demonstrating the absence of disputes of material fact regarding whether Bash's statements about the development plans were false when made and that the defendants never intended to develop the properties. The plaintiffs do not point to any evidence showing that Bash's 2010 statements about the plans to construct the properties were false. Meanwhile, in Bash's response to interrogatories he states that the intent was to commercially develop the properties but this intent has been "put on temporary hold." ECF No. 103-5 at 5–6.

The fact that the properties were not developed on the original timetable does not on its own prove fraud. Therefore, I deny the plaintiffs' motion for summary judgment on the fraudulent inducement claim.

### b. Negligent misrepresentation

Nevada has adopted the definition of negligent misrepresentation contained in the Restatement (Second) of Torts § 552:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Bill Stremmel Motors, Inc. v. First Nat'l Bank of Nev.*, 575 P.2d 938, 940 (Nev. 1978).

The plaintiffs make the same argument for negligent misrepresentation as fraudulent inducement. In response, the defendants argue that Bash made no false representations, the plaintiffs have not demonstrated any damages as a result of Bash's representations, and that Bash exercised reasonable care in communicating with the plaintiffs, as he honestly believed his representations were true.

The plaintiffs have not met their burden of showing an absence of genuine dispute whether Bash's representations were false and whether Bash exercised reasonable care or competence in communicating the information. The plaintiffs' argument relies primarily on the fact that Bash told them in 2010 that the properties would be developed in a certain amount of time, which has not come to pass. However, they point to no evidence showing the defendants did not intend to develop the properties as represented, or that Bash failed to exercise reasonable care or competence in representing the defendants' intent to develop the properties within eighteen months. Meanwhile, the defendants produced a lease agreement for the Fort Apache property and evidence of the successful rezoning of the Royal View property, as well as declaration testimony that efforts were and continue to be made to develop the properties at issue. ECF Nos. 105-1, 105-2, 105-8, 105-13. Because the plaintiffs have not met their evidentiary burden, I deny their motion for summary judgment on the negligent misrepresentation claim.

### c. False promise

The plaintiffs also bring a claim for false promise, but their argument in their summary judgment motion consists only of a footnote stating that adjudication of either of the other claims would result in their prevailing on the false promise claim. The plaintiffs did not properly support their motion for summary judgment on this claim. LR 7-2(a). In addition, I am denying the motion for summary judgment on the fraudulent inducement and negligent misrepresentation claims. Therefore, I deny the plaintiffs' motion for summary judgment on this claim.

### d. Bash's motion for summary judgment

In addition to opposing the plaintiffs' motion for summary judgment, Bash asks for summary judgment in his favor on all claims. The plaintiffs respond that the magistrate judge ordered all dispositive motions be filed by March 20, 2017, and that this motion, filed on April 5, is untimely and should not be considered.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified only for good cause. This good cause standard "primarily considers the diligence of the party seeking" to amend the order or file a motion after a scheduled deadline. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding a district court may deny as untimely a motion filed after the scheduling order deadline when no modification request has been made), *superseded by statute on other grounds*. "If [the] party was not diligent, the inquiry should end." *Mammoth Recreations, Inc.*, 975 F.2d at 609.

At the pretrial conference on December 12, 2016, Magistrate Judge Ferenbach ordered that dispositive motions be filed by March 20, 2017. ECF No. 102. The plaintiffs timely filed their motion for summary judgment. Bash filed his response and motion for summary judgment on April 5, 2017. As a response to the plaintiffs' motion for summary judgment, the brief was filed within the 21-day deadline. LR 7-2(b). However, as a dispositive motion for summary judgment, the brief was filed after the scheduled deadline with no explanation or request for extension.

Bash has failed to establish good cause for considering his motion for summary judgment, as he provides no explanation for the untimely filing or why it should still be considered. "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Mammoth Recreations*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Therefore, I deny as untimely Bash's motion for summary judgment.

Even if I were to consider the motion, I would deny it, as there remain genuine issues of material fact. Bash argues that he represented to the plaintiffs generally the defendants' intent to purchase, develop, and rezone the two properties. The plaintiffs have produced evidence, however, of more particular, apparently false, statements that induced their investment. For example, the plaintiffs state in affidavits that Bash informed them the defendants had already procured leases for the Fort Apache retail site with Trader Joe's, Seven-Eleven, and Circle K. ECF Nos. 103-1, 103-2, 103-3. These statements appear to be false, as Fort Apache states in its interrogatory response that the only tenant lease procured for the site was with Green Valley Grocery. ECF No. 103-7 at 5. A jury could find that the representations Bash made to the plaintiffs about secured tenants were false and made in order to induce their investment. Moreover, Bash's argument that he cannot be liable as the officer of a corporation is unavailing. *See Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 688 (Nev. 1995) ("An officer of a corporation may be individually liable for any tort which he commits . . . .").

## II. CONCLUSION

IT IS THEREFORE ORDERED that the plaintiffs' motion for summary judgment **(ECF No. 103) is DENIED.**

IT IS FURTHER ORDERED that Jeremy Bash's motion for summary judgment **(ECF No. 105) is DENIED.**

DATED this 21st day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE