# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

RAMA SOU; TAI BUI; and SCOTT ZIMMERMAN,

Plaintiffs,

v.

MICHAEL BASH; JEREMY BASH; BERKLEY ENTERPRISES, INC.; PEPPERDINE ENTERPRISES, INC.; NINETY-FIVE FORT APACHE COMPLEX, LLC; and ROYAL VIEW, LLC,

Defendants.

Case No. 2:15-cv-00698-APG-VCF

**ORDER (1) GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS AND (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

(ECF Nos. 104, 106)

In 2010, defendants Michael and Jeremy Bash pitched the plaintiffs, Rama Sou, Tai Bui, and Scott Zimmerman, on investing in two companies that owned property in Las Vegas: Ninety-Five Fort Apache Complex, LLC (Fort Apache) and Royal View, LLC (Royal View). The defendants allegedly told the plaintiffs of their intent to develop the properties on a certain timetable. All three plaintiffs invested in Fort Apache, and Sou and Bui invested in Royal View, for a total of $300,000. The properties remain undeveloped.

The plaintiffs filed suit in 2014 on claims of fraudulent inducement, false promise, and negligent misrepresentation. They now move for case-terminating sanctions against Michael Bash and the corporate defendants for their failure to complete or appear for scheduled depositions. The plaintiffs argue that the defendants have defied court orders and properly noticed depositions, confounding the fair resolution of this case. They argue they are prejudiced by the defendants' actions and that lesser sanctions will not be effective. The plaintiffs also ask for attorneys' fees related to the missed depositions and the drafting of the instant motion.

The defendants oppose the motion, arguing Bash's non-appearance for the second half of his deposition and as the corporate defendants' designated representative was a result of a health issue. They argue that reopening discovery to complete the previously scheduled depositions is

the appropriate remedy and should obviate any prejudice to the plaintiffs. They contend the plaintiffs should not gain an advantage in this litigation as a result of Bash's old age and health issues. The defendants also move for summary judgment, arguing the plaintiffs have not presented sufficient evidence to support their claims.

I grant the plaintiffs' motion in part. While there is some evidence of prejudice to the plaintiffs from the defendants' conduct during discovery, lesser sanctions are feasible and appropriate at this time. I deny the defendants' motion for summary judgment as it was not timely filed and there remain genuine disputes of material fact.

## I. BACKGROUND

This case was initially filed in the Central District of California in October 2014. ECF No. 1. It was transferred to this district pursuant to a forum selection clause in the investment agreements underlying the litigation. ECF No. 28. On November 13, 2015, the court set a discovery deadline of March 2, 2016. ECF No. 62.

Discovery has since been extended five times, primarily to accommodate the defendants' scheduling issues surrounding the plaintiffs' attempts to depose them. *See* ECF Nos. 69, 79, 85, 98, 102. The last extension was agreed to at a status conference in December, where the parties informed the court that depositions were set for February 13-16, 2017. ECF No. 102.

Jeremy Bash sat for his deposition on February 13th. ECF No. 104-6. Michael Bash was present for an unsuccessful mediation session the following morning, and sat for his scheduled deposition that afternoon. ECF No. 104-8. Upon concluding for the day, the parties agreed that Michael would continue his individual deposition the next morning, followed by the deposition of Michael as the corporate defendants' designated representative that afternoon and the following day. ECF No. 104-3. However, Michael failed to appear the next morning because, according to his attorneys, he had gone to the hospital. *Id.* The plaintiffs sought proof of Michael's medical issues, which was not provided until the defendants' response to this motion. The plaintiffs also tried to reschedule the depositions, but defendants' counsel never responded.

*Id.* Michael Bash never sat for the remainder of his deposition, nor was any representative for the corporate defendants deposed. The motion for sanctions resulted.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 37, the court may enter any just orders, including any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), if a party fails to appear for its own properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i); *id.* at 37(d)(3). One of the available sanctions is rendering a default judgment against the "disobedient party." *Id.* at 37(b)(2)(A)(vi).

In determining whether such a case-terminating sanction is appropriate, I weigh five factors: the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the party seeking sanctions, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). I am not required to make explicit findings regarding each factor, but the key factors are prejudice and the availability of lesser sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (stating further that "[t]he first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default . . . sanction").

### a. Risk of prejudice to the plaintiffs

This factor "looks to whether the [defendants'] actions impaired [the plaintiffs'] ability to go to trial or threatened to interfere with the rightful decision of the case." *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). In *Hyde & Drath*, the Ninth Circuit affirmed a dismissal where the district court found that because the plaintiffs "continually ignored scheduled depositions," the defendants "faced a fast approaching court date, a lack of crucial information, and an inability to construct a defense." 24 F.3d at 1167; *see also Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995) (holding a party's ability to make its case was prejudiced by the other party's willful refusal to comply with a court order to designate a representative who could testify at a discovery deposition). Thus, in *Hyde & Drath* the movants' inability to depose most of the other parties

was alone sufficient to find prejudice supporting case-ending sanctions. In other cases, the Ninth Circuit has upheld findings that delay and refusal to complete depositions, when compounded with a failure to complete written discovery, were sufficiently prejudicial to support case-ending sanctions. *See, e.g.*, *Wanderer*, 910 F.2d at 656.

The plaintiffs have been able to fully depose only one party (Jeremy Bash), and completely unable to elicit deposition testimony from the corporate defendants. The plaintiffs argue that if the case were to go to trial without complete depositions, they would be hearing for the first time testimony from witnesses they were entitled to depose. The defendants respond that rescheduling the previously scheduled depositions is a proper remedy.

Discovery in this case was extended for nearly a year, primarily to obtain deposition testimony, the majority of which was never obtained. The initial discovery deadline was March 2, 2016. ECF No. 62. Depositions for Michael Bash and the corporate defendants for whom Michael was the designated representative were last scheduled for February 14-16, 2017. The parties attempted to structure discovery such that Jeremy Bash, who is not a party to this motion, would be deposed first, followed by attempted mediation, then the deposition of Michael and the corporate defendants. Jeremy's deposition was rescheduled three times due to his refusal to appear and scheduling difficulties, as a result pushing off the mediation and the other depositions. *See* ECF Nos. 69, 85, 102.

Michael appeared for approximately half of his scheduled deposition. He did not appear for the second half or for any of the noticed depositions on behalf of the corporate defendants due to a health issue. According to a medical report provided by the defendants in their opposition, it appears that Michael visited a doctor on February 15, 2017 (the second scheduled day of his depositions) complaining of lower back pain due to a "10 year [sic] history of lower back issues with degenerative disc disease." ECF No. 106-14. The doctor's assessment notes that "Michael cannot sit for any prolonged time, i.e. greater than 30 minutes." *Id.* Apparently based on this diagnosis, Michael refused to be deposed any further.

The plaintiffs do not claim that the defendants have not responded to written discovery or failed to produce documents. While a trial date has not yet been set, discovery was delayed almost a year due to the defendants' alleged scheduling issues and then halted altogether by Michael's non-appearance. It seems likely that the plaintiffs are lacking crucial information to construct their case and have been prejudiced by the defendants' behavior. This factor weighs in favor of sanctions.

### b. Less drastic sanctions

Before rendering a default judgment under Rule 37, I must consider the feasibility and appropriateness of lesser sanctions, determine whether lesser sanctions have already been implemented, and warn the non-moving party that default is possible. *Hyde & Drath*, 24 F.3d at 1167. The plaintiffs have not moved for lesser sanctions against Michael Bash or the corporate defendants, nor have any been imposed. Further, no warning has been given about the possibility of a default judgment.

The plaintiffs did not move to compel the depositions at issue or for other lesser sanctions before moving for this drastic remedy. Although they argue that lesser sanctions will be ineffectual, there is no evidence to this effect, because less drastic measures than default judgment have not yet been attempted. *Cf. Noble Metals Int'l*, 67 F.3d at 772 (finding a dismissal sanction appropriate when party refused to comply with motion to compel or monetary sanction). The defendants argue that discovery should be reopened to allow for the completion of previously scheduled depositions. I agree and find that lesser sanctions are feasible and appropriate in this situation.

Therefore, discovery shall be reopened solely for the completion of the previously scheduled depositions of Michael Bash in his individual capacity and as the representative for the corporate defendants.[1] If after taking the depositions of Michael and the corporate defendants

---

[1] If Michael is truly unable to sit for more than 30 minutes at a stretch, the parties should take short breaks for reasonable periods of time. However, such breaks should not be short breaks for reasonable periods of time. However, such breaks should not be so numerous or lengthy as to disrupt the flow of the deposition. Moreover, Michael may stand during his deposition as needed. Finally, so numerous or lengthy as to disrupt the flow of the deposition. Moreover, Michael may stand during his deposition as needed. Finally, he may want to consider bringing a small cot to the deposition so he can be deposed while lying down.

the plaintiffs feel further discovery is warranted, they may move to reopen discovery. The defendants are warned that failure to attend the depositions may be grounds for a default judgment.

### c. Attorneys' fees and costs

Under Rule 37(d)(3), if a party fails to attend its own properly noticed deposition, instead of or in addition to other sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The plaintiffs argue that Michael's failure to sit for the scheduled depositions is not substantially justified. In particular, they argue that Michael did not provide evidence of his health problem, nor did he "meaningfully propose a date for his re-noticed deposition." ECF No. 104 at 23. Further, the plaintiffs argue that the corporate defendants should have designated another witness to be deposed. The defendants respond that Michael's absence from the depositions was justified by his health issues. They also contend that he is the only possible corporate witness.

While Michael's health issues may justify his initial absence on the morning of February 15th when he went to the doctor, his diagnosis does not appear to lead inevitably to the result that he could not attend any further deposition at all. Instead, he could have rescheduled his depositions and requested accommodations, such as breaks, when necessary. Furthermore, Michael seems to have known about this back issue throughout the litigation, but did not mention that it would cause issues when his counsel was scheduling the depositions.

Therefore, Michael Bash must pay the court reporter fees and other costs associated with the half day of his previously noticed deposition for which he did not appear. Michael Bash must also pay the plaintiffs' attorneys' fees and costs associated with preparing this motion and reply (ECF Nos. 104, 109). The parties shall confer about such costs, and if they cannot come to an agreement, the plaintiffs may submit an affidavit to the court.

### d. Defendants' motion for summary judgment

Much like their response to the plaintiffs' motion for summary judgment, the defendants have included an untimely (and identical) motion for summary judgment in their response to the motion for sanctions. *See* ECF No. 105 at 6–17. As I stated in my order addressing that motion, even if I were to consider the untimely motion, I would deny it because there remain genuine issues of material fact. Therefore, I deny the defendants' motion for summary judgment.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the plaintiffs' motion for case-terminating sanctions **(ECF No. 104) is GRANTED IN PART.**

IT IS FURTHER ORDERED that discovery will be reopened to allow for the deposition of Michael Bash individually and as the Rule 30(b)(6) witness for the corporate defendants. In light of Michael's medical condition, these depositions must be scheduled for half-days on consecutive days, with breaks as appropriate, unless the parties can agree otherwise. These depositions must be completed **by December 29, 2017.**

IT IS FURTHER ORDERED that Michael Bash must pay for the court reporter fees and other costs associated with the second half of Michael's deposition that was to have taken place on the morning of February 15, 2017.

IT IS FURTHER ORDERED that the parties must confer about the costs of preparing and drafting this motion and reply (ECF Nos. 104, 109). If the parties cannot come to an agreement, the plaintiffs may submit an affidavit regarding such fees and costs within **fourteen (14) days of this order**. Defendants may respond within **fourteen (14) days**.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment **(ECF No. 106) is DENIED.**

DATED this 21st day of November, 2017

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE